## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,

               Plaintiff,

     v.

AT&T Inc.

               Defendant.

C.A. No._____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Clouding IP, LLC ("Clouding" or "Plaintiff") makes the following allegations against Defendant AT&T Inc. (collectively, "AT&T" or "Defendant").

## PARTIES

1.     Plaintiff Clouding IP, LLC is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2.     On information and belief, Defendant AT&T is a Delaware corporation with its principal place of business at 208 S. Akard Street, Dallas, TX 75202.  On information and belief, AT&T may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant AT&T is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and conducting substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Defendant AT&T is incorporated in this district, and on information and belief, AT&T is subject to personal jurisdiction in this district, has transacted business in this district and has committed acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,596,784

6.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7.      Plaintiff Clouding is the owner by assignment of United States Patent No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-Use Distributed Computing Resources."  The '784 patent was duly and legally issued by the United States Patent and Trademark Office on September 29, 2009.  Clouding is the owner by assignment from Symantec Corporation of the '784 patent.  A true and correct copy of the '784 patent is included as Exhibit A.

8.      Defendant AT&T makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of

AT&T's cloud computing products and/or services that provide or support pay-per-use cloud computing.

9.      On information and belief, Defendant AT&T has infringed and continues to infringe the '784 patent by, among other things, making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent.  Such pay-per-use cloud computing products and/or services include, by way of example and without limitation, AT&T Cloud Architect, the use of which is covered by one or more claims of the '784 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '784 patent pursuant to 35 U.S.C. § 271.

10.     As a result of Defendant AT&T's infringement of the '784 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,065,637

11.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-10 above, as if fully set forth herein.

12.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface."  The '637 patent was duly and legally issued by the United States Patent and Trademark Office on June 20, 2006.  Clouding is the owner by

assignment from Symantec Corporation of the '637 patent.  A true and correct copy of the '637 patent is included as Exhibit B.

13.     Defendant AT&T makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of AT&T's cloud computing products and/or services provide or support use of a visual interface to configure cloud computing resources.

14.     On information and belief, Defendant AT&T has infringed and continues to infringe the '637 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services covered by one or more claims of the '637 patent. Such cloud computing products and/or services include, by way of example and without limitation, AT&T Cloud Architect and AT&T Synaptic Compute as a Service, the use of which are covered by one or more claims of the '637 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the '637 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '637 patent pursuant to 35 U.S.C. § 271.

15.     As a result of Defendant AT&T's infringement of the '637 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,272,708

16.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-15 above, as if fully set forth herein.

17.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,272,708 ("the '708 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface." The '708 patent was duly and legally issued by the United States Patent and Trademark Office on September 18, 2007. Clouding is the owner by assignment from Symantec Corporation of the '708 patent. A true and correct copy of the '708 patent is included as Exhibit C.

18.     Defendant AT&T makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing. On information and belief, at least some of AT&T's cloud computing products and/or services provide or support use of a visual interface to configure cloud computing resources.

19.     On information and belief, Defendant AT&T has infringed and continues to infringe the '708 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services covered by one or more claims of the '708 patent. Such cloud computing products and/or services include, by way of example and without limitation, AT&T Synaptic Compute as a Service, the use of which are covered by one or more claims of the '708 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the '708 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '708 patent pursuant to 35 U.S.C. § 271.

20.     As a result of Defendant AT&T's infringement of the '708 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty

for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 7,836,292**

21.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-20 above, as if fully set forth herein.

22.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,836,292 ("the '292 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface."  The '292 patent was duly and legally issued by the United States Patent and Trademark Office on November 16, 2010.  Clouding is the owner by assignment from Symantec Corporation of the '292 patent.  A true and correct copy of the '292 patent is included as Exhibit D.

23.     Defendant AT&T makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of AT&T's cloud computing products and/or services provide or support use of a visual interface to configure cloud computing resources.

24.     On information and belief, Defendant AT&T has infringed and continues to infringe the '292 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services covered by one or more claims of the '292 patent. Such cloud computing products and/or services include, by way of example and without limitation, AT&T Cloud Architect and AT&T Synaptic Compute as a Service, the use of which are covered by one or more claims of the '292 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and services covered by one or

more claims of the '292 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '292 patent pursuant to 35 U.S.C. § 271.

25.     As a result of Defendant AT&T's infringement of the '292 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 5,495,607**

26.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-25 above, as if fully set forth herein.

27.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog Overview of Files Distributively Stored Across Network Domain."  The '607 patent was duly and legally issued by the United States Patent and Trademark Office on February 27, 1996. Clouding is the owner by assignment from Symantec Corporation of the '607 patent.  A true and correct copy of the '607 patent is included as Exhibit E.

28.     Defendant AT&T operates one or more server farms (comprising, *inter alia*, servers and computers on a network) that are located in its data centers in the United States.  On information and belief, AT&T's one or more server farms provide and support cloud computing products and/or services, including at least AT&T Cloud Architect.  On information and belief, AT&T makes and/or uses a system for monitoring the health of at least some of AT&T's servers and computers over a network in its data centers.

29.     On information and belief, Defendant AT&T has infringed and continues to infringe the '607 patent by, among other things, making, using, offering for sale, and/or selling systems, and products and/or services related thereto, covered by one or more claims of the '607 patent.  Such systems include, by way of example and without limitation, a system made and/or used by AT&T to monitor the health of servers and computers located in its data centers that support AT&T Compute Architect, which is covered by one or more claims of the '607 patent, including but not limited to claim 9.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '607 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '607 patent pursuant to 35 U.S.C. § 271.

30.     As a result of Defendant AT&T's infringement of the '607 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 5,825,891

31.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-30 above, as if fully set forth herein.

32.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,825,891 ("the '891 patent") titled "Key Management for Network Communication."  The '891 patent was duly and legally issued by the United States Patent and Trademark Office on October 20, 1998.  Clouding is the owner by assignment from Symantec Corporation of the '891 patent. A true and correct copy of the '891 patent is included as Exhibit F.

33.     Defendant AT&T makes, uses, sells and/or offers for sale in the United States products and/or services that provide for or support establishing virtual private network ("VPN") tunnels.

34.     On information and belief, Defendant AT&T has infringed and continues to infringe the '891 patent by, among other things, using methods covered by one or more claims of the '891 patent.  Such methods include, by way of example and without limitation, use of AT&T VPN Tunneling Service, which is covered by one or more claims of the '891 patent, including but not limited to claim 6.  By using such methods covered by one or more claims of the '891 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '891 patent pursuant to 35 U.S.C. § 271.

35.     As a result of Defendant AT&T's infringement of the '891 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

**COUNT VII**
**INFRINGEMENT OF U.S. PATENT NO. 6,925,481**

36.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-35 above, as if fully set forth herein.

37.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device."  The '481 patent was duly and legally issued by the United States Patent and Trademark Office on August 2, 2005.  Clouding is the owner by

assignment from Symantec Corporation of the '481 patent. A true and correct copy of the '481 patent is included as Exhibit G.

38.     Defendant AT&T makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as AT&T Locker.

39.     On information and belief, AT&T has infringed and continues to infringe the '481 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '481 patent. Such products and/or services include, by way of example and without limitation, AT&T Locker, which is covered by one or more claims of the '481 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '481 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '481 patent pursuant to 35 U.S.C. § 271.

40.     As a result of Defendant AT&T infringement of the '481 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant AT&T, together with interest and costs as fixed by the Court.

**COUNT VIII**
**INFRINGEMENT OF U.S. PATENT NO. 7,254,621**

41.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-40 above, as if fully set forth herein.

42.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access And

Manipulation From A Pervasive Device." The '621 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2007. A true and correct copy of the '621 patent is included as Exhibit H.

43.     Defendant AT&T makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as AT&T Locker.

44.     On information and belief, AT&T has infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '621 patent. Such products and/or services include, by way of example and without limitation, AT&T Locker, which is covered by one or more claims of the '621 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '621 patent, AT&T has injured Clouding and is liable to Clouding for infringement of the '621 patent pursuant to 35 U.S.C. § 271.

45.     As a result of Defendant AT&T infringement of the '621 patent, Plaintiff Clouding has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant AT&T, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clouding respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff Clouding that Defendant AT&T has infringed, either literally and/or under the doctrine of equivalents, the '784 patent, the '637 patent, the '708 patent, the '292 patent, the '607 patent, the '891 patent, the '481 patent, and the '621 patent;

2.      A judgment and order requiring Defendant AT&T to pay Plaintiff Clouding its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for AT&T's infringement of the '784 patent, the '637 patent, the '708 patent, the '292 patent, the '607 patent, the '891 patent, the '481 patent, and the '621 patent; and

3.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Clouding requests a trial by jury of any issues so triable.

July 26, 2013                                                  BAYARD, P.A.

OF COUNSEL:                                           /s/ Stephen B. Brauerman (sb4952)
                                                              Richard D. Kirk (rk0922)
Marc A. Fenster                                       Stephen B. Brauerman (sb4952)
Brian Ledahl                                           Vanessa R. Tiradentes (vt5398)
Dorian S. Berger                                      222 Delaware Avenue, Suite 900
RUSS AUGUST & KABAT                            P.O. Box 25130
12424 Wilshire Boulevard, 12th Floor          Wilmington, DE 19899
Los Angeles, CA 90025                             (302) 655-5000
(310) 826-7474                                        rkirk@bayardlaw.com
mfenster@raklaw.com                              sbrauerman@bayardlaw.com
bledahl@raklaw.com                                vtiradentes@ bayardlaw.com
dberger@raklaw.com

                                                              *Attorneys for Plaintiff Clouding IP, LLC*