**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC, </br></br>        Plaintiff, </br></br>v. </br></br>AT&T INC., </br></br>        Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 13-1342-LPS </br> ) </br> ) **JURY TRIAL DEMANDED** </br> ) </br> ) </br> ) |

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL OF AT&T INC.
AND SUBSTITUTION OF AT&T MOBILITY LLC AND AT&T CORP.**

Plaintiff CLOUDING IP, LLC ("CLOUDING") and Defendant AT&T Inc. submit the following Stipulation of Dismissal of AT&T Inc. and Substitution of AT&T Mobility and AT&T Corp., and in support thereof state:

1. On July 26, 2013, Plaintiff CLOUDING filed suit against AT&T Inc. ("AT&T Inc."), alleging infringement of US. Patent Nos. 7,596,784; 7,065,637; 7,272,708; 7,836,292; 5,495,607; 5,825,891; 6,925,481; and 7,254,621.

2. AT&T Inc. represents and warrants that:

    a. AT&T Inc. is a holding company that has no employees, sales representatives, or distributors. Furthermore, AT&T Inc. does not instruct, direct, or control the activities of its subsidiaries (or any other entity) relevant to operations or design of any systems or services.

    b. AT&T Inc. agrees that for purposes of discovery in this case, documents and information in the possession, custody or control of AT&T Inc. are deemed also to be in the possession, custody and control of AT&T Mobility LLC

("AT&T Mobility") and AT&T Corp. ("AT&T Corp."). AT&T Mobility and AT&T Corp. will not object to a request for deposition on the grounds that the prospective deponent is an employee of AT&T Inc. (though nothing in this stipulation prevents AT&T Mobility or AT&T Corp. from objecting to a deposition on other grounds).

c. AT&T Mobility and AT&T Corp. or any of their assignees are able to satisfy any judgment against it in this case. AT&T Inc., AT&T Mobility and AT&T Corp. each warrant and represent that they will not take any action that will cause AT&T Mobility and/or AT&T Corp. to be unable to fully satisfy any judgment entered in this case.

d. AT&T Inc. represents that it does not manufacture, sell, import, or use the accused products and/or services.

3. In reliance upon the representations and warranties made in paragraphs 2(a) – 2(e) above, CLOUDING agrees to dismiss AT&T Inc. without prejudice, as allowed under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

4. The Complaint filed in the above captioned matter at D.I. 1 is hereby amended to substitute AT&T Mobility and AT&T Corp. as defendants in place of AT&T Inc.

5. The Complaint's allegations concerning AT&T Inc. shall be deemed to be directed to AT&T Mobility and/or AT&T Corp, except that the allegations contained in Paragraph 2 are deemed to be deleted and replaced with a new Paragraph 2, which is as follows:

> 2. On information and belief, Defendant AT&T Mobility is a Delaware limited liability company with its principal place of business at 1025 Lenox Park Blvd., N.E., Atlanta, GA 30319. On information and belief, AT&T Mobility may be served via its registered agent, The Corporation Trust Company, Corporation

Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. On information and belief, Defendant AT&T Corp. is a New York corporation with its principal place of business at One AT&T Way, Bedminster, New Jersey 07921. On information and belief, AT&T Corp. may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. CLOUDING has not released, and nothing in this Stipulation should be construed as a release or discharge of, any claim CLOUDING has or may have in the future against any defendant named in this action or any other asserted infringer of the patents-in-suit. All other rights have been expressly reserved.

7. AT&T Mobility and AT&T Corp. consent to jurisdiction in the District of Delaware for the above-captioned action.

8. Neither AT&T Inc., nor any subsidiary, holding company, or other affiliated entity will file a declaratory judgment action on the asserted patents against CLOUDING, except that AT&T Mobility and AT&T Corp. (or any other entity sued by CLOUDING) may file a declaratory action for such relief as a counterclaim to any infringement suit filed by Clouding.

9. AT&T Mobility and AT&T Corp. shall respond to the Complaint in this action on the later of three (3) days following the entry of this stipulation by the Court or September 18, 2013.

10. If any of the statements in this declaration are inaccurate CLOUDING shall be able to bring AT&T Inc. back into the above captioned case.

| | |
|---|---|
| BAYARD, P.A. | SEITZ ROSS ARONSTAM & MORITZ LLP |
| | |
| */s/ Stephen B. Brauerman* | */s/ Benjamin J. Schladweiler* |
| Richard D. Kirk (Bar No.922) | Collins J. Seitz, Jr. (Bar. No. 2237) |
| Stephen B. Brauerman (Bar No. 4952) | Benjamin J. Schladweiler (Bar No. 4601) |
| Vanessa Ribeiro Tiradentes (Bar No. 5398) | 100 S. West Street, Suite 400 |
| 222 Delaware Avenue | Wilmington, DE 19801 |
| Suite 900 | (302) 576-1600 |
| Wilmington, DE 19801 | cseitz@seitzross.com |
| (302) 655-5000 | bschladweiler@seitzross.com |
| rkirk@bayardlaw.com | |
| sbrauerman@bayardlaw.com | *Counsel for Defendants AT&T Inc.,* |
| vtiradentes@bayardlaw.com | *AT&T Mobility LLC and AT&T Corp.* |

*Counsel for Plaintiff Clouding IP, LLC*

Dated: September 18, 2013

                                           **SO ORDERED,** this _____day of_____, 2013.

                                           _____
                                           The Honorable Leonard P. Stark
                                           United States District Judge