**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1342-LPS |
| | ) |
| AT&T MOBILITY LLC and | ) **JURY TRIAL DEMANDED** |
| AT&T CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS AT&T MOBILITY LLC AND
AT&T CORP.'S JOINDER IN MOTION TO BIFURCATE**

Defendants AT&T Mobility LLC and AT&T Corp. (collectively, "AT&T") hereby join in, and incorporate by reference in this proceeding, the Motion to Bifurcate Damages from Liability and to Stay Damages-Related Fact and Expert Discovery filed by Defendants Google Inc., Motorola Mobility LLC, Amazon.com, Amazon Web Services LLC, Rackspace Hosting, Inc., Rackspace US, Inc., and Jungle Disk, LLC in C.A. Nos. 12-639 (D.I. 113 and 114), 12-1078 (D.I. 103 and 104), 12-641 (D.I. 126 and 127), and 12-675 (D.I. 132 and 133).

Plaintiff Clouding IP, LLC's ("Clouding") case against AT&T is similarly complex. On July 26, 2013, Clouding sued AT&T, alleging infringement of eight patents containing 184 claims. (D.I. 1, Complaint). The patents purportedly relate to a range of technologies, including Virtual Private Network ("VPN") tunneling, remote data access and manipulation, dynamic computing environments, visual interfaces, and distributed computing. Although Clouding has not yet served infringement contentions in this case, Clouding's Complaint implicates four diverse AT&T service offerings of infringing various combinations of the eight patents. (*Id.*).

The accused product offerings include both consumer and business products, and correlate to range of different personnel within AT&T.

To illustrate the complexity of Clouding's case against AT&T, a single one of the AT&T services is accused of infringing four patents containing 74 claims. (D.I. 1, ¶¶ 9, 14, 24, 29). Another AT&T service is accused of infringing three patents containing 46 claims. (*Id.,* ¶¶ 14, 19, 24). A third AT&T service is accused of infringing two completely different patents from those listed above, consisting of 81 claims. (*Id.,* ¶¶ 39, 44). A fourth AT&T service is accused of infringing yet another patent containing 9 claims. (*Id.*, ¶ 34).

Accordingly, the arguments set forth in the above-referenced motion relating to the merits of bifurcating liability and damages and staying damages discovery apply with equal force to this case. Given the number of possible permutations of accused technology and asserted claims, a jury will have its hands full with the basic task of deciding the liability and validity issues. Layering on the additional complexities of damages considerations in this case could overwhelm the jury, particularly when the damages scenarios would need to be presented in a multi-contingent manner, depending on which of the various permutations of patents and services may hypothetically found to infringe valid claims. Likewise, all of the eight patents asserted against AT&T were issued on different dates, ranging from February 27, 1996 – November 16, 2010. (D.I. 1, ¶¶ 7, 12, 17, 22, 27, 32, 37, 42). Thus, the time of the hypothetical negotiation could vary depending on the precise set of products and claims the jury found to infringe. For the same reasons, fact and expert discovery on damages can be conducted in an efficient and focused manner after the liability trial (and, if AT&T prevails at that trial, may be avoided altogether).

For the reasons set forth herein, AT&T respectfully requests that the Court bifurcate the liability and damages portions of this case, and stay damages-related fact and expert discovery pending the resolution of the liability issues.

## Statement Pursuant to Local Rule 7.1.1

Pursuant to Local Rule 7.1.1, the undersigned counsel for AT&T certify that they met-and-conferred with counsel for Clouding in an attempt to reach agreement on the matters set forth in this Motion. The parties were unable to reach an agreement.

Respectfully submitted,

SEITZ ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

L. Norwood Jameson
Matthew C. Gaudet
David C. Dotson
S. Neil Anderson
DUANE MORRIS LLP
1075 Peachtree Street, NW
Suite 2000
Atlanta, GA  30309
(404) 253-6900
wjameson@duanemorris.com
mcgaudet@duanemorris.com
dcdotson@duanemorris.com
snanderson@duanemorris.com

/s/ Benjamin J. Schladweiler
Collins J. Seitz, Jr. (Bar. No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Counsel for Defendants AT&T Mobility LLC and AT&T Corp.*

Dated:  December 20, 2013

## **CERTIFICATE OF SERVICE**

I, Benjamin J. Schladweiler, hereby certify that on December 20, 2013, a true copy of the foregoing ***Defendants AT&T Mobility LLC and AT&T Corp.'s Joinder in Motion to Bifurcate*** was served via electronic mail upon the following counsel of record:

Richard D. Kirk
Stephen B. Brauerman
Vanessa Ribeiro Tiradentes
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Counsel for Plaintiff Clouding IP, LLC*

Marc A. Fenster
Brian D. Ledahl
Dorian S. Berger
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
mfenster@raklaw.com
bledahl@raklaw.com
dberger@raklaw.com

*Counsel for Plaintiff Clouding IP, LLC*

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (Bar No. 4601)