# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUDING IP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-1342-LPS |
| AT&T MOBILITY LLC and AT&T CORP., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CLOUDING IP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-1454-LPS |
| DROPBOX INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| CLOUDING IP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-1455-LPS |
| EMC CORPORATION, EMC INTERNATIONAL US HOLDINGS, INC., and VMWARE, INC., | : | |
| Defendants. | : | |

| CLOUDING IP, LLC, | : |
|---|---|
| Plaintiff, | : |
| v. | : C.A. No. 13-1458-LPS |
| VERIZON ONLINE LLC, TERREMARK NORTH AMERICA LLC and VERIZON BUSINESS NETWORK SERVICES INC., | : |
| Defendants. | : |

# MEMORANDUM OPINION

1. Plaintiff Clouding IP, LLC ("Plaintiff" or "Clouding") moves for reargument of the Court's July 28, 2014 Memorandum Order,[1] in which the Court dismissed Plaintiff's actions because the Court lacked subject matter jurisdiction due to Plaintiff's lack of standing. (C.A. No. 12-639-LPS D.I. 174; C.A. No. 13-1338-LPS D.I. 57; C.A. No. 13-1342-LPS D.I. 55; C.A. No. 13-1454-LPS D.I. 58; C.A. No. 13-1455-LPS D.I. 75; C.A. No. 13-1458-LPS D.I. 54)

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension.

---

[1] *Clouding IP, LLC v. Google, Inc.*, C.A. No. 12-639-LPS, D.I. No. 168; *Clouding IP, LLC v. CA Technologies, Inc.*, C.A. No. 13-1338-LPS, D.I. 52; *Clouding IP, LLC v. AT&T, Inc.*, C.A. No. 13-1342-LPS, D.I. 50; *Clouding IP, LLC v. Dropbox Inc.*, C.A. No. 13-1454-LPS, D.I. 53; *Clouding IP, LLC v. EMC Corporation et al.*, C.A. No. 13-1455-LPS, D.I. 69; and *Clouding IP, LLC v. Verizon Online, LLC, et al.*, C.A. No. 13-1458-LPS, D.I. 49.

*See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Having reviewed the parties' submissions (C.A. No. 12-639-LPS D.I. 175, 176, 177, 179[2]), the Court denies Plaintiff's motion. Clouding contends that the Court should reconsider dismissal in order to grant Clouding relief it never previously sought: a chance to try to fix its jurisdictional defect in prudential standing. The Court concluded Clouding had constitutional standing but lacked prudential standing, reflecting a defect Clouding might have attempted to cure by trying to add Symantec as co-plaintiff.[3] That the Court would view the situation as it did, and find a prudential defect but no constitutional defect, was a foreseeable

---

[2]For simplicity, for the remainder of this Opinion the Court refers to the "D.I." number in C.A. No. 12-cv-639-LPS, unless otherwise indicated.

[3]Notably, in the scheduling order governing these actions, the deadline for seeking to add additional parties was March 1, 2014. (*See* D.I. 153 ¶ 3)

1

possibility throughout the litigation. Yet at no point in its various oppositions to Defendants' motions, at the hearing on the motions, or at any point during the many months the motions were pending, did Clouding pursue such relief. Instead, only after dismissal, Clouding now attempts to re-characterize the deficiency found by the Court – Symantec's absence – as a deficiency in the Court's ruling. The Court will not provide Plaintiff with what amounts to a "do over" after all the time the parties and the Court devoted to analyzing the facts and circumstances that Plaintiff was (to all appearances) content to have the Court evaluate. Hence, Clouding's first basis for reconsideration is unavailing.

While Clouding cites several cases concerning a party's ability to cure prudential standing, they are inapposite, as here Clouding did not seek such a cure in a timely manner. In *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128 (Fed. Cir. 1995), soon after a case was filed by a licensee against a third party, the patentee moved to intervene under Federal Rule of Civil Procedure 24(a)(2) and 24(b), on the theory that the patentee retained rights in the asserted patents, with the third party supporting the motion on the ground that the patentee might be an indispensable party under Rule 19(b). In reversing the denial of the patentee's motion to intervene, the Federal Circuit did not suggest that a district court is required to allow a licensee (in this case Clouding) to join the patentee *after dismissal*, when neither the licensee nor patentee had ever previously sought such relief. Clouding's reliance on *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328 (Fed. Cir. 2009), is equally misplaced. There, the Federal Circuit held that a district court abused its discretion in dismissing the action *with prejudice* due to a lack of standing resulting from the plaintiff's failure to join a co-owner. *See id.* at 1333 ("[A] dismissal for lack of standing should generally be *without prejudice* so as to permit the filing of

2

a new action by a party with proper standing."). Here, the Court's dismissal was without prejudice to Plaintiff's ability to seek to press its claims prospectively in another action. *See Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1339 n.4 (Fed. Cir. 2001) (stating dismissal for lack of standing is ordinarily without prejudice).[4]

4.  Clouding's separate basis for reconsideration relies on its representation that Clouding and Symantec have entered into an amended and restated Patent Purchase Agreement that "can fully cure all of the issues identified by the Court." (D.I. 175 at 5) The Court rejects this as a grounds for reconsideration for several reasons. First, Clouding has not provided any portion of this alleged agreement to the Court.[5] Second, Clouding's argument is not one for reconsideration of the Court's ruling in its Order. As the facts existed at the time the Court issued its Memorandum Opinion and Order on July 28, 2014, the only agreement before the Court was the original Clouding-Symantec Agreement. Clouding is asking the Court to consider an entirely new agreement it represents was created *after* judgment was entered. (*See* D.I. 175 at 5) This is an entirely new factual situation – evidently of Clouding's own creation – and, under the circumstances here, comes too late. Third, allowing the new agreement to provide a proper basis for reargument would unfairly prejudice Defendants, all of whom incurred substantial expense addressing the case that Clouding chose to bring, and some of whom may have

---

[4]To the extent this was unclear in the earlier Memorandum Order, the Court intends the instant Order to provide clarification on this point.

[5]Adding to the thicket of contractual arrangements, Clouding has most recently represented to the Court – again without providing the pertinent agreement – that "after the Motion for Reargument and Reconsideration was filed Clouding IP transferred the patents-in-suit to Clouding Corp. in an asset sale." (D.I. 179 at 2)

3

subsequently relied on the Court's ruling and dismissal.[6] By contrast, any prejudice that Clouding or Clouding Corp. suffers from losing the original filing date of these suits is warranted because standing is measured at the time the complaint is filed, the Court determined Clouding lacked all substantial rights at that relevant time, and Clouding had ample opportunity to cure the defect during the pendency of the motion but failed to do so.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reargument (C.A. No. 13-1342-LPS D.I. 55; C.A. No. 13-1454-LPS D.I. 58; C.A. No. 13-1455-LPS D.I. 75; C.A. No. 13-1458-LPS D.I. 54) is DENIED.[7]

November 17, 2014

UNITED STATES DISTRICT JUDGE

---

[6] For instance, the Court's dismissal voided the deadline for filing IPR petitions, which are due within a year of service of a complaint filed by the patentee. *See* 35 U.S.C. § 315(b). As a consequence of the Court's Order, a number of defendants did not seek IPRs. (*See* D.I. 176 at 9)

[7] The Court understands that Clouding Corp., which represents it now retains all rights to the patents-in-suit pursuant to an asset sale agreement with Clouding, has filed several new actions against the same Defendants. (*See, e.g., Clouding Corp. v. Google, Inc.*, C.A. No. 14-1179-LPS) Clouding argues that Clouding Corp. has stepped into its shoes in the present suit. (D.I. 179 at 1) Even if correct, this does not alter the outcome here.

4